UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Leonard Edward Smith            Case No.: 15-53583-wsd
                                       Chapter 7
         Debtor.                    Hon. Walter Shapero
_____/

## OPINION DENYING MOTION FOR RELIEF FROM STAY

**I.     INTRODUCTION**

Kelley and Michael Baetens ("Movants") filed a motion for relief from stay in order to continue to prosecute a matter pending in a state court action. The Trustee has objected. The Court set the matter for an evidentiary hearing, following which, the Court took the matter under advisement.

**II.     FACTS**

On August 1, 2012, Movants jointly loaned Debtor $100,000. The loan proceeds were to be used by Debtor to acquire a membership interest in Kimberly Lighting, LLC ("Kimberly"). The parties executed a Promissory Note and a Security Agreement. The Note provides for an interest rate of 13% and monthly payments of $1,083, commencing September 1, 2012, to be applied first to interest. Thus, such payments mathematically mean this essentially was an interest only payment., and indeed the Note itself says that those monthly payments will not amortize or pay off the loan and there will be a substantial sum or balloon payment due "at the end of the note." There is an

1

acceleration in the event of default. The Note does NOT itself contain a due date or a provision defining what is the "end of the note." Nor does the accompanying Security Agreement. The following was stated in the Security Agreement to be collateral for the loan:

(a) All of my percentage ownership interest of whatsoever kind or nature of Debtor in and to that certain limited liability company known as KIMBERLY LIGHTING, LLC, a Michigan limited liability company ("Kimberly") including, but not limited to, the "*Percentage Interest*" and/or "*Membership Interest*" (as such terms are defined in that certain Operating Agreement of Kimberly of Debtor owned in Kimberly by Debtor (the Percentage Interest and/or Membership Interest are hereinafter referred to individually and collectively as the "*Debtor Membership Interests*"), which Debtor Membership Interests are certificated, together with any and all membership interests, and all proceeds of any kind or nature arising from or with respect to the Debtor Membership Interests. The parties acknowledge that the interest set forth above is not all of the Debtor's interest in Kimberly nor is it the intention of this agreement to have all of the Debtor's interest in Kimberly be Creditor's Collateral. The purpose of the indebtedness is to for Debtor to acquire an interest in Kimberly.

(b) Any and all other instruments or property which Debtor is or may hereafter become entitled to receive with respect to replacement of substitution for or succession to the aforesaid Debtor Membership Interests.

(Ex. 2)

On August 2, 2012, Debtor transferred $90,000 of the $100,000 to Kimberly. Over the next 2 years, Debtor repeatedly defaulted on the loan payments.

On June 4, 2014, Debtor sued Kimberly in state court claiming breach of contract due to Kimberly's failure to transfer a 10% interest in it to Debtor. Kimberly responded by asserting that the agreement between it and Debtor (1) required Debtor to contribute a total of $400,000 to Kimberly by 12/31/12 in exchange for a 15% ownership interest; and (2) if Debtor failed to contribute the full $400,000, any amount less than that paid by Debtor to Kimberly would be

2

considered a repayable loan to Kimberly. As Debtor had transferred a total of only $190,000[1], Kimberly contended that amount was a loan and Kimberly was therefore not obligated to transfer any ownership interest to Debtor.

After discovering that Debtor had filed a state complaint against Kimberly, on June 20, 2014, Movants filed a UCC financing statement listing (a) Leonard Smith as Debtor; (b) Michael and Kelley Baetens as the creditors; and (c) the collateral as: All of my ownership interest (%) of my right title and interest of whatsoever kind or nature in and to that certain limited liability company known as KIMBERLY LIGHTING LLC a MI limited liability company. (Ex. 4)

On August 7, 2014, Debtor and Kimberly entered into a confidential agreement settling the state court case under which Kimberly agreed to pay Debtor $150,000 in installments. Over the next 7 months, Debtor received payments totaling $130,000 from Kimberly. The recitals in the Settlement Agreement refer to the parties having entered into an agreement for Smith to acquire an interest in Kimberly pursuant to certain terms, their dispute as to whether those were ever met, and Kimberly wishing to repay certain sums in satisfaction of all claims that Smith had or has for an interest in Kimberly. (Ex. 10)

On April 2, 2015, having heard of the settlement, Movants sent a letter to Kimberly requesting that the $20,000 remainder of the settlement payments be paid to them. Kimberly then filed an interpleader action against Debtor and Movants in state court for determination as to who is the legal owner of, and entitled to, that the remaining $20,000. On June 12, 2015, Movants filed

---

[1] In addition to the $90,000 transfer, Debtor had previously transferred an additional $100,000 to Kimberly on June 12, 2012.

their answer to the complaint and a cross claim for the $20,000. Debtor failed to respond, prompting Movants to file a request for a default judgment against Debtor on August 28, 2015.

On September 15, 2015, before entry of the default judgment, Debtor filed his chapter 7 petition. Movants then moved for relief from the stay to enable them to further pursue the default judgment against Debtor in the state court action. After some preliminary proceedings and pursuant to a stipulation between Movants and the Trustee, the Court entered an order which (a) continued the automatic stay in full force and effect until further order of the Court; and (b) stated that this Court is the appropriate forum and has jurisdiction to determine the nature, extent, and validity of the Movants' claimed interest in the $20,000, as well as the nature, extent and validity of the bankruptcy estate's claim to those funds; it being the Trustee's position that the bankruptcy estate is entitled to those funds and Movants do not have a valid security interest in them.

The record in this case upon which the issue must be decided consists entirely of the various referred to documents and indeed the record does not indicate, for instance, who drafted the salient instruments, particularly the Note and Security Agreement. There was no live testimony. The Movants have the burden of proof in this situation.

### III.   ARGUMENTS OF THE PARTIES

### A.   MOVANTS' POSITION:

Movants contend that they are the rightful owners of the remaining $20,000 of the settlement proceeds because Debtor wrongfully converted the collateral to his own use. Movants argue that they had a perfected security interest in Debtor's membership interest in Kimberly, as well as any property Debtor may be entitled to receive with respect to replacement of, substitution for, or

4

succession to Debtor's membership interest in Kimberly. It is Movants' position that the settlement proceeds should be seen as either being or coming within the definition of either "replacement of substitution for or succession to" Debtor's Kimberly Membership Interest.

B.   **TRUSTEE'S POSITION:**

Trustee argues that the Security Agreement only listed as collateral Debtor's interest in Kimberly (an interest which Debtor never obtained); and any other instrument or property to which Debtor may become entitled to with respect to replacement of substitution for or succession to the membership interest, and that the proceeds from the settlement of the lawsuit do not come within those terms, but rather constitute general intangibles, which are not listed as collateral in the Security Agreement or financing statement.

III.  **DISCUSSION**

A security interest attaches to collateral when it becomes enforceable against the debtor. M.C.L.A. § 440.9203(1). A security interest is enforceable against the debtor and third parties only if among other things (a) the debtor has rights in the collateral or the power to transfer rights in the collateral to a third party; and (b) the debtor has authenticated a security agreement that provides a description of the collateral. M.C.L.A. § 440.9203(2). Neither is the case here.

Here, Debtor sued Kimberly, in part, due to Kimberly's alleged failure to transfer an ownership interest to Debtor. Kimberly responded that the funds Debtor transferred to it constituted a repayable loan because Debtor did not pay all of the funds required to obtain that interest. The

5

extent of the reference to such in the settlement is noted above. It is quite clear that factually and legally Debtor never actually acquired any membership rights in Kimberly.

Movants argue even if that is so, the settlement proceeds are covered by the Security Agreement because it includes:

> Any and all other instruments or property which Debtor is or may hereafter become entitled to receive with respect to *replacement of substitution for or succession to* the aforesaid Debtor Membership Interests. (Emphasis added)

Any terms not defined in an agreement should be given their plain and ordinary meaning, which may be determined by consulting a dictionary. *Hastings Mut. Ins. Co. V. Safety King, Inc.*, 778 N.W.2d 275, 279 (Mich. App. 2009). Merriam-Webster's Collegiate Dictionary (11th ed.) defines "replace" as "to be used instead of something." "Substitute" is defined "a person or thing that takes the place of something else." "Succession" is defined as "a series of people or things that come one after another."

In the Court's view, each of the indicated terms presupposes or envisions an initial coming into existence at some point of a membership interest in Kimberly owned by Debtor or to which Debtor becomes legally entitled. That was not the case here. It would seem that what might come within the concept of substitution for, replacement of, or succession to is something that bears some resemblance or general equivalence or has some attributes in type or substance to that which it is substituting for or replacing or succeeding to, in the context of being collateral for repayment of an ongoing obligation. That also is not the case here. To some extent this is reinforced by the language of the Security Agreement which states that "[t]he purpose for the indebtedness is for Debtor to acquire an interest in Kimberly." As noted, the Security Agreement does not have any other language which would encompass as collateral a cause of action to obtain an interest in Kimberly

6

and the Court does not think that such a cause of action seeking to obtain that interest, absent its success in actually obtaining that interest, is encompassed within the terms of substitution for, replacement of, or succession to the subject interest. Here we have the proceeds of the settlement of an action which are just as possibly repayment of what was a loan to Kimberly as something in lieu of payment for a membership interest and there are no definitive proofs of whether it is one or the other or some sort of combination which defies attribution.

There is simply insufficient evidence that the settlement proceeds were or were meant to be in place of Debtor's membership interest and, as noted, it was never determined that Debtor was entitled to a membership interest as opposed to repayment of a loan. Absent that, the Court cannot find that the security interest attached to the settlement proceeds.

Movants' filing of a financing statement does not change that result. The purpose of a financing statement is to provide notice of the existence of a security interest. *See Federal Land Bank of St. Paul v. Bay Park Place, Inc.*, 412 N.W.2d 222, 224 (Mich. App. 1987); M.C.L.A. § 440.9310(1). Because Movants did not have a valid security interest, the filing of the financing statement was ineffective.

Accordingly, Movants' Motion to Lift the Stay is denied. The Court is contemporaneously entering an appropriate order.

**Signed on September 07, 2016**

                                        **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**